LOUIS BOWIE *v.* GREENVILLE STREET RAILWAY COMPANY.

STREET RAILWAY. *Injury to passenger. Contributory negligence.*

> A declaration against a street railway company, which alleges that plaintiff, a passenger, requested the car to be stopped, and, in the confident belief that it would be, got upon the lower step of the rear platform to be in position to alight, when he was, by the negligence of the driver, thrown from the car and injured, is not demurrable as showing contributory negligence.

From the circuit court of Washington county.

Hon. R. W. Williamson, Judge.

Appellant brought this action against the Greenville Street Railway Co. to recover for personal injuries sustained by him while a passenger. The amended declaration, after setting out the contract for passage and notice to the driver of the car to stop at a certain point, alleges: "The defendants, through their said agent, wholly refused to stop said car at said crossing, as requested, and, on the contrary, continued to, drive said car over said crossing at such speed as to endanger the safety of plaintiff had he attempted to alight at the time. Before reaching said crossing, plaintiff had repaired to the lower step on the hinder part of the car, and put himself in a position to alight, so certain was he that the car would stop for him; and, while standing in his position on such step, expecting the car to stop, he was, by the negligence and carelessness of said company's driver, thrown from said car and injured," etc.

Defendant demurred, on the ground that the declaration showed contributory negligence on the part of plaintiff. Demurrer sustained, and plaintiff appeals.

*Wilford H. Smith,* for appellant.

The amended declaration does not show contributory negligence in plaintiff. The question of his negligence should have been left to the jury. 34 N. Y., 670; 67 *Ib.,* 366; 56 *Ib.,* 307; 115 Mass., 239; 118 *Ib.,* 228; 87 N. Y., 63; 50 Mo., 139; 92 Pa. St., 475.

*Jayne & Watson,* for appellee.

It was negligence *per se* for plaintiff to go upon the lower step of the platform while the car was moving at a dangerous rate of speed. While some authorities hold it is not negligence in itself to ride on the platform of the car, it is a different thing while the car is in motion to go on the steps,

which are used only for ingress and egress.   It affirmatively appears that plaintiff voluntarily assumed a position of danger.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer to the amended declaration should have been overruled.   The special cause of demurrer is that the declaration shows that plaintiff's negligence contributed to the injury complained of.   We are not willing to affirm that the fact that the plaintiff got on the step at the rear end of the car ready to descend to the ground, under the circumstances stated in the declaration, constituted contributory negligence on his part.   The averment is that he had requested the car to be stopped, and, in the confident belief that it would be stopped, he put himself in a position to alight, and "he was, by the negligence and carelessness of said company's driver, thrown from said car" and injured. The declaration requires an answer.

*Reversed, demurrer overruled and cause remanded.*