ANDREW SAIKO v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 24, 1896.

Nos. 10,231—(105).

**Street Railroad—Accident to Passenger.**
Evidence considered, and *held* insufficient to justify the verdict.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Munn, Boyesen & Thygeson,* for appellant.

*J. J. McCafferty* and *R. E. Noyes,* for respondent.

BUCK, J. Action to recover for personal injuries received while plaintiff was a passenger on the defendant's Interurban car. Defense, contributory negligence and release of damages.

The plaintiff entered the car at St. Anthony Park for the purpose of being conveyed to St. Paul, and in his complaint he alleges:

"That, as said car approached the city of St. Paul, and before said car had reached the intersection of University avenue and Mackubin street, plaintiff notified the conductor in charge of said car that he

[1] Reported in 69 N. W. 473.

desired to alight therefrom at Mackubin street; that, in accordance with the signal so given by the plaintiff, the conductor then and there in charge of said Interurban car signaled to the motoneer, and said car began to slacken its speed, and the plaintiff proceeded to the rear platform of said car for the purpose of alighting with all convenient speed; that plaintiff descended to the step of said car, intending to alight therefrom as soon as said car should come to a stop; that said car did not stop in compliance with this plaintiff's request, but, on the contrary, while plaintiff was standing on the step thereof, and before he had an opportunity to alight therefrom, the defendant carelessly and negligently started said car with a sudden jerk, whereby plaintiff was thrown violently to the ground, and in so doing he struck the ground on the right side of his head and right elbow, and was severely bruised and injured."

The plaintiff had a verdict for $100 damages, and the defendant moved for judgment in its favor notwithstanding the verdict, and for a new trial in the event that said motion be denied.

One of the errors assigned is that the verdict is not justified by the evidence.   We do not think that any extended discussion of the evidence is necessary.   The evidence conclusively shows that the plaintiff either stepped off from the car while it was in motion, and before it stopped, or else was on the first step from the platform, and in the act of getting off, when, as he testified, "the car was starting to stop," and he, either by a jerk of the car, or his stepping off while the car was in motion, fell, and was injured.   The car had been running at its usual rate of speed (according to the evidence of some of the witnesses at least 7 to 12 miles an hour), and just commenced to slow up, when he stepped or fell off, and was injured. He intended to get off at Mackubin street, and before reaching there told the conductor where he wished to get off, and gave the signal that he wished to do so, and then went out on the platform, while the car was running fast, and at its usual rate of speed.   The evidence is conflicting as to the exact place where the accident happened, he testifying that it happened on Mackubin street and other witnesses testifying that it happened half way between Kent and Mackubin streets.   There were no witnesses sworn in behalf of plaintiff that corroborated his account of the accident.   Two witnesses who saw the accident testified that plaintiff stepped off while the car was running at its usual speed, and other witnesses testified that it was running at its usual gait, and that they did not notice any jerk in the car.

Granting. to the jury the usual right to pass upon the weight of evidence where it is conflicting, yet the plaintiff's own testimony shows that he was guilty of such contributory negligence as would bar his recovery. His attempting to get off from the moving car was the proximate cause of the injury. The case is widely different from one where the car has once stopped, and then suddenly jerks in starting, whereby a passenger is injured while getting off or on the car. Plaintiff should not have voluntarily placed himself in a position of danger before the car stopped, and while it was running at the rate established by the evidence. Nowhere does it appear that he made the slightest effort to steady or protect himself from any jerk or movement of the car by taking hold of the rails or any part of the car.

Not only is the weight of evidence so manifestly and palpably against the plaintiff, but his own contributory negligence is so self-evident, that we cannot do otherwise than remand the case to the court below, with instructions to order judgment in favor of the defendant and against the plaintiff notwithstanding the verdict.

So ordered.