# Watkins *v.* Birmingham Railway & Electric Co.

*Action for Damages for Personal Injuries, by Passenger against Railroad Company.*

1. *Negligence of passenger; when stepping from train while in motion not negligence per se.*—The voluntary leaving of a car by a passenger while it is in motion is not negligence *per se*; but it is for the jury to say whether or not the passenger acted as a

| 120 | 147 |
| f122 | 678 |
| 120 | 147 |
| 123 | 247 |
| 120 | 147 |
| 182 | 418 |
| 120 | 147 |
| 135 | 379 |
| 120 | 147 |
| 136 | 170 |
| 120 | 147 |
| 143 | 222 |

[Watkins v. Birmngham Railway & Electric Co.]

reasonably prudent and cautious man would have acted under like circumstances, and, therefore, was guilty of negligence.

2.· *Same; same; case at bar.*—In an action against a railroad company by a passenger to recover damages for personal injuries, where it is shown that the passenger notified the conductor where he wished to get off of the train, and on approaching his destination, when the train began to slow up, he walked to the steps of the car, preparatory to alighting, and while standing on the step there was a sudden jerk of the train, which threw the plaintiff off, the question as to whether or not the plaintiff was guilty of negligence is one for the jury to determine from all of the evidence.

3. *Same; same; charge to the jury.*—In such a case, where there was evidence that the plaintiff attempted to step from the steps of the car backwards, while the train was in motion, a charge requested by the defendant which instructs the jury that the plaintiff can not recover if the injury resulted from the plaintiff's attempting to leave the car in a negligent manner, is properly given.

4. *Same; same; same.*—In such an action, a charge requested by the plaintiff, which instructs the jury that if they "believe from the evidence that the sole cause of the plaintiff's injury was a sudden jerk of the train, and that he acted only as an ordinarily prudent man would have acted in getting upon the steps of the car, then your verdict must be for the plaintiff," asserts a correct proposition and should be given ; since, if the sudden jerking of the train was the sole cause of the injury, there was no causal connection between the plaintiff's act and the injury, which should exist before the plaintiff could be said to be guilty of such contributory negligence as would defeat his recovery.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

This action was brought by the appellant, William R. Watkins, against the appellee, the Birmingham Railway & Electric Company, and sought to recover damages for personal injuries, alleged to have been caused by reason of the defendant's negligence.

The cause was tried upon issue joined upon the plea of the general issue and the plea of contributory negligence. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The mere going upon the platform by a passenger and getting upon the steps of a dummy car while the same is running slowly and approaching the passenger's destination is not necessarily contributory negligence on the part of a passenger." (2.) "If the jury believe from the evidence that the sole cause of the plaintiff's injury was a sudden jerk of the train, and that he acted only as an ordinarily prudent person would have acted in getting upon the step of the car, then your verdict must be for the plaintiff, if the jury believe the evidence." The court at the request of the defendant gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted : (1.) "The undisputed evidence, if the jury believe it, shows that the plaintiff was guilty of negligence." (2.) "If the jury believe from the evidence that the plaintiff was guilty of negligence which proximately contributed to his injury, then their verdict must be for the defendant." (3.) "If the jury believe from the evidence that the plaintiff did not attempt to leave the train in an ordinarily prudent manner and by reason of this fact he was injured, then their verdict must be for the defendant." (4.) "I charge you, gentlemen of the jury, that it is negligence in a passenger to attempt to leave a moving train without necessity. (5.) "I charge you that the plaintiff was guilty of negligence in getting down upon the steps while the train was in motion and before it reached the usual stopping place." (6.) "If the jury believe from the evidence that the plaintiff attempted to leave the train in a negligent manner and was injured thereby, then their verdict must be for the defendant." (7.) "If the jury believe from the evidence that the plaintiff was in a safe place on said car as it approached the usual stopping place, and without necessity left such safe place and got down upon the lowest step while the train was in motion and was thrown off or fell off to the ground by reason of the fact that he was on said step, then their verdict must be for the defendant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the refusal to give the charges requested by him, and the giving of the charges requested by the defendant.

BOWMAN & HARSH, for appellant.—It is not contributory negligence in all cases, for a passenger to alight from a moving train, but the question of negligence *vel non* on the part of the passenger, should be determined by the jury, after considering all of the evidence.—Beach on Contributory Negligence, § 291; *B. E. R. Co. v. Clay*, 108 Ala. 233; *Mowrey v. Railway Co.*, 66 Barb. 43; *Murphy v. R. R. Co.*, 43 Mo. App. 342; *Davis v. Railway Co.*, 69 Miss. 136; *Filer v. R. R. Co.*, 68 N. Y. 124; *Bowie v. Railway Co.*, 69 Miss. 196; *Leslie v. R. R. Co.*, 88 Mo. 50.

WALKER, PORTER & WALKER, *contra*, cited *Cen. R. R. of Ga. v. Letcher*, 69 Ala. 106; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; *Thompson v. Duncan*, 76 Ala. 334; *Ricketts v. Street Railway Co.*, 85 Ala. 600; *Cen. R. R. &c. Co. v. Miles*, 88 Ala. 256; *Hill v. Birmingham Un. R. R. Co.*, 100 Ala. 447; *McCauley v. R. R. Co.*, 93 Ala. 356.

BRICKELL, C. J.—Appellant was a passenger on a train operated by appellee on its "East Lake Dummy Line" between East Lake and Birmingham; having boarded the train at Woodlawn to ride to Twenty-fourth street in Birmingham. At the time he paid his fare he told the conductor he desired to get off at Twenty-fourth street, and when the train was between Twenty-fifth and Twenty-fourth streets he left his seat in the rear car and went out to the back platform, and as the train slowed up for the west crossing, which was the proper side of the street on which to stop, and after the engine and front car had passed over the crossing, and while the rear car was passing over it at a speed of about three miles an hour, he got on the lower step on the south side of the platform preparatory to stepping off, when the speed of the train was suddenly increased, and he fell to the ground, sustaining the injuries complained of, and for which he seeks to recover in this action.

There are two tendencies of the evidence with respect both to the position of the plaintiff on the step and the manner in which he fell therefrom. Plaintiff testifies that he "got down on the step with his face to the south, with his right hand hold of the guard, ready to get off," and that while "in that position and ready to get off when the car should stop, the car, instead of stopping, jerked forward suddenly and threw plaintiff down;" and the inference from this testimony is, that plaintiff's position on the step was the position ordinarily assumed by one about to step off a car, with his back to the car and his right hand grasping the front guard, and that he was not in the act of stepping off when the car suddenly "jerked forward." One of the inferences deducible from the testimony of the only other witness in the case was, that plaintiff was standing on the step with his back *to the street*, his right hand grasping the rear guard, and his left hand the front guard, and that he was in the act of stepping off *backwards* when the speed of the car was suddenly increased. The witness testified: "Plaintiff was standing on the lower step of the platform, and as soon as it started up he stepped off. I could not tell positively whether he stepped off or was jerked off. He was standing in a position to step off, and I could not say he was jerked off. He was standing with his right hand hold of the rear guard and his left hand hold of the front guard at the time the train started up, and the next instant he was off. When he touched the ground he was in a falling position, and took two or three steps and fell. As his feet struck the ground his left hand became disengaged from the car." The instructions to the jury, given at the request of the defendant, assume that the conduct of the plaintiff, as shown by the above statement of facts, constituted negligence *per se*, and the correctness of this proposition is the principal question presented for consideration. The trial court charged, upon request of the respective parties, that each was guilty of negligence, and the only question left to the jury was, therefore, whether the plaintiff's negligence contributed proximately to his injury.

While there are some cases which hold that the act of a passenger in voluntarily leaving a car while it is in

motion constitutes contributory negligence, the better doctrine, and that sustained by the great weight of authority, is that such conduct on the part of the passenger is not negligence *per se*. There may be, it is true, exceptional circumstances attending the attempt thus to alight, such as the great speed of the train, the age or infirmity of the passenger, or his being encumbered with bundles or children, or other facts which render the attempt so obviously dangerous that the court may, where the testimony is undisputed, declare as matter of law that the passenger's conduct was reckless and negligent. But ordinarily it is for the jury to say whether he acted as a reasonably cautious and prudent man would act under like circumstances.—Booth on Street Railways, § 345 ; Beach on Contrib. Neg., (1st ed.), § 90 ; 2 Wood on Railways, (1st ed.) § 305, p. 1129, *et seq.* ; 5 Am. & Eng. Encyc. of Law, (2d ed.), 664 ; Bishop on Non-Contract Law, § 1101 ; *Eppendorf v. Brooklyn, etc., R. R. Co.*, 69 N. Y. 195 ; *Medler v. Atlantic Ave. R. R. Co.* (N. Y.), 6 Am. Neg. Case, affirmed in 126 N. Y. 669 ; *Morrison v. Erie R'y Co.*, 56 N. Y. 302 ; *Nichols v. Sixth Ave. R. R. Co.*, 38 N. Y. 131 ; *Washington, etc., R. R. Co. v. Harmon*, 147 U. S. 571 ; *Fleck v. Un. R. R. Co.*, 134 Mass. 480 ; *Doss v. Railroad Co.*, 59 Mo. 37 ; *Schacherl v. St. P. City R'y Co.*, 42 Minn. 42 ; *Nance v. Carolina Cent. R. R. Co.*, 94 N. C. 619 ; *Bowie v. Greenville St. R'y Co.*, 69 Miss. 196. This doctrine is not in conflict with any of the previous adjudications of this court. In *Ricketts v. Birmingham St. R'y Co.*, 85 Ala. 604, the proposition is stated in general terms that "stepping from a car, without necessity, when injury is caused thereby, which could have been avoided by remaining on the car—by the exercise of ordinary care—is negligence which will defeat a recovery because of prior negligence of the agents or servants of the company." But in a subsequent case it was said : "This general observation had reference to a charge instructing the jury that plaintiff was not entitled to recover, if he was standing on the steps in front of the car, with a keg of lead in his hands, and undertook to step off while it was in motion, and such act was not that of an ordinarily prudent man." *Central R. & B. Co. v. Miles*, 88 Ala. 260. It was further

said in this last mentioned case : "When the material facts are disputed, or, if clearly established, different inferences may be reasonably drawn therefrom, contributory negligence is a question of fact exclusively within the province of the jury. This general rule is as applicable to the act of getting off a car in motion, as to other cases, unless the court is prepared to lay down an inexorable rule that, except in the well settled instance of leaping under the impulse of alarm, excited by sudden exposure to great peril, to alight from a moving car is negligence in all cases and under any circumstances." This case expressly recognizes the doctrine that it is not negligence in law for a passenger to attempt to alight from a train moving so slowly that to alight therefrom would not appear dangerous to a man of ordinary prudence ; but that ordinarily the question of negligence *vel non* should be submitted to the jury. (p.263.) And the doctrine was again recognized in a still later case, in which it was held that a request to charge the jury that "it is negligence for a person to attempt to board a moving train, and if he be injured by such attempt, he cannot recover," was properly refused ; the court saying : "We would not say, as a matter of law, that it is contributory negligence, under all circumstances and conditions, to attempt to board a train if moving." *Birmingham Elec. R'y Co. v. Clay*, 108 Ala. 233. To board a moving car cannot be said to be more dangerous than to alight from one.

There were no exceptional circumstances attendant upon appellant's attempt to alight from the car, or upon his taking a position on the step preparatory to alighting, that rendered his conduct so obviously dangerous as to justify the court in declaring it negligent as matter of law, and withdrawing from the jury the issue of negligence on the part of the plaintiff. He had notified the conductor that he desired to get off at Twenty-fourth street, and when the train slowed up on approaching the crossing, he had a right to assume that it was being slowed up for the purpose of enabling him to get off, and that its speed would be gradually lessened until it stopped at the crossing, rather than increased with a sudden jerk. He assumed, of course, the risk of the ordinary movement of the train slowing up at a street

crossing to let off a passenger, but not the risk of a sudden negligent movement at the very place where, and moment when, it should have stopped, and where, in view of the commonly known custom of passengers on street cars, permitted, if not actually encouraged, by the companies, those in charge of the train, after having been notified to stop, should have known of the position of plaintiff. As was said in *Washington etc. v. Harmon*, 147 U. S. 571, "It may be said that he placed himself where he was in risk of falling off, but that was a risk he could not have anticipated as a result of a sudden start before he got off, because he had a right to assume that the car would stop to allow him to get off, and if it had, as it should have done, no accident would have happened." So far as anything in the record indicates to the contrary, plaintiff was an active, vigorous man, in full possession of his faculties and unencumbered in any manner, and, under one tendency of the evidence, his position on the step was that ordinarily assumed by one about to step from a car, and he exercised ordinary diligence and care while in that position, and the speed of the car was at the rate of three miles an hour or less. Thousands of ordinarily prudent and cautious men, under like circumstances, act in the manner in which, as the jury might have inferred from the evidence, plaintiff acted. Whether or not plaintiff was guilty of negligence in thus acting was, therefore, a question that should have been submitted to the jury. As was said in *Central R. R. & B. Co. v. Miles*, 88 Ala. 260, *supra*, if it was not negligence to attempt to alight under the circumstances, it was not negligence to take, with ordinary care, a position on the step preparatory to alighting.

It results from what has been said that charges 1, 4, 5, and 7, given at the request of the defendant, were improperly given and should have been refused. Charges 3 and 6 are predicated on the hypothesis that plaintiff attempted to leave the car in a negligent manner. and were properly given because, as we have seen, the jury might have inferred from the testimony of Peacock that plaintiff attempted to step from the car backwards, and found that such attempt was negligence and contributed proximately to his injuries. Charge 1, requested by

[Watkins v. Birmingham Railway & Electric Co.]

plaintiff and refused, is in conformity with the law applicable to the facts in the case as declared above, and should have been given. Charge 2, requested by plaintiff, predicates his right to recover upon the hypothesis that "the *sole* cause of the plaintiff's injury was a sudden jerk of the train," and that he acted in attempting to alight as an ordinarily prudent man would have acted. The negligence of plaintiff, in order to bar recovery, must not only have amounted to a want of ordinary care, but must also have co-operated with the negligent act of defendant to cause the injury complained of. It is manifest that, if the sudden jerking of the train was the *sole* cause of the injury, there was no causal connection between the plaintiff's act and the injury, and, therefore, no contributory negligence on his part.

The evidence, as presented in the record, does not show that, at the time of the injury, there was in this particular car any placards forbidding passengers to ride on the platform. The testimony is, "there were placards nailed up in defendant's cars and over the platforms of its cars," etc., which is not equivalent to proof that such placards were in this particular car at this particular time. The testimony offered by plaintiff as to "the custom and practice of passengers to resort to and ride on the platform of defendant's dummy cars to smoke," was, we think, properly excluded. It was not contended that plaintiff was riding on the platform when injured, but that he was on the step for the purpose of alighting; and the evidence shows that he was not riding on the platform within the meaning of the defendant's regulations, but was merely using it as a means of egress.—*Cent. R. R. & B. Co. v. Miles*, 88 Ala. 263.

Reversed and remanded.