### RUTLEDGE v. NEW ORLEANS & N. E. R. CO.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1904.)

No. 1,317.

1. CARRIERS—INJURIES TO PASSENGERS—TIME TO ALIGHT.

Where a train stopped for a passenger to alight, and when he was in the act of doing so, and without allowing a reasonable time for that purpose, it was suddenly started with a jerk, whereby he was thrown from the car and injured, he was entitled to recover therefor.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for injuries to a passenger while attempting to alight, there being conflict in the evidence on the issue as to his alleged contributory negligence in stepping off the train while it was moving, it presents a question for the jury.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This action was brought in the state court by William Rutledge, a citizen of Mississippi, against the New Orleans & Northeastern Railroad Company, a Louisiana corporation, and was, on petition of the defendant company, removed to the court below. Plaintiff claimed $25,000 damages, alleging that he was a passenger on one of the defendant's trains, having paid his fare from Hattiesburg, Miss., to Ellisville, Miss., and that the train was scheduled to stop at Ellisville for passengers to get off, and that it did stop, or come practically to a stop, and that plaintiff was alighting from the train, but that, while he was in the act of alighting, the train, by the negligence and carelessness of the defendant, through its servants, was suddenly jerked and moved forward, whereby the plaintiff was thrown down and under the train, and so injured as to deprive him of an arm and a leg, and cause him much suffering. Defendant pleaded "Not guilty," and, for further plea, alleged that the injuries complained of were brought about by the plaintiff's own negligence. There is no conflict in the evidence that the plaintiff was injured to the extent

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1228.

of losing his arm. When the car first stopped at the station, the plaintiff failed to get off. There is conflict in the evidence as to whether his failure to alight was caused by the press of other passengers getting into the train, and the crowd that was getting off, or whether he unnecessarily delayed alighting. The train left the station without his alighting, and the pivotal question in the case is whether he got off the train while it was moving so as to make his act dangerous to him, or whether the cars were stopped for the purpose of letting him off, and started again with a sudden jerk at the instant that he attempted to alight. On that subject he testified as follows: "Q. And by the time you had passed through coach and got to platform, the train had started? A. Yes; the train had started, and I couldn't get off. I wouldn't get off before the train stopped. Q. You wouldn't get off till the train stopped again? A. No, sir. Then the flagman or some one told me, 'Old man, get off,' and I told him I wouldn't get off till the train stopped; and I thought it had stopped, and went to step off, and did step, but they gave a sudden jerk, and I fell. Q. Jerked what? The train? A. Yes, sir; just as I went to step off, they moved or jerked the train, and I fell down. * * * Q. And when it came to a stop again, you stepped off, and the train gave a jerk, and you fell? A. The train came to a stop, and as it came to a stop I stepped off, and, as I was stepping off, the train gave a sudden jerk, which threw me down." The plaintiff was corroborated by J. E. Sharbrough, who also got off the train at Ellisville. He testified that, "when we had gotten out and taken a few steps, the train started —pulled out—and then the train came to a little stop." Several other witnesses testified that the train did not stop a second time, and that the plaintiff got off while the train was moving. The trial court instructed the jury to return a verdict for the defendant, and it is assigned that the court erred in directing the verdict.

A. J. McLaurin, for plaintiff in error.

Harry H. Hall, John W. Fewell, and Thomas G. Fewell, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

If the plaintiff jumped or stepped off the train while it was moving at such a rate as to make his act obviously dangerous, he was unquestionably guilty of contributory negligence, and would not be entitled to recover. 2 Wood on Railroads (Minor's Ed. 1894) § 305; Watkins v. Birmingham, etc., Company, 120 Ala. 147, 24 South. 392, 43 L. R. A. 297. But if it be true that the train was stopped to let him get off, and when he was in the act of getting off, and without being allowed a reasonable time for that purpose, it was suddenly started again with a jerk, whereby he was injured, he would be entitled to recover. Bartholomew v. New York Central Railroad Company, 102 N. Y. 716, 7 N. E. 623; Jeffersonville Railroad Company v. Hendricks Adm'r, 26 Ind. 228–233. We are of the opinion that the evidence in the record shows that the question of contributory negligence should have been submitted to the jury. Nelson v. New Orleans, etc., Railroad, 100 Fed. 731, 40 C. C. A. 673, and cases there cited; Mexican Central Railroad v. Townsend, 114 Fed. 737, 52 C. C. A. 369.

The judgment is reversed, and the cause remanded for a new trial.

PARDEE, Circuit Judge, dissents.