# United States C. I. P. & F. Co. v. Driver, *pro ami.*

## *Damages to Employe.*

(Decided June 10, 1909.   50 South. 118.)

1. *Master and Servant; Injury to Servant; Pleading; Sufficiency.*— A complaint based upon subdivision 2, section 1749, Code 1896, which alleges the negligence of the master mechanic of the defendant, but fails to allege that such master mechanic had any superintendence entrusted to him, whilst in the exercise of such superintendence, etc., is defective; the complaint in this instance is also defective as a common law complaint, because it fails to allege that the master mechanic was charged with the duty of instructing plaintiff as to the danger incident to the work.

2. *Same; Sufficiency of Plea.*—A plea as an answer to a complaint for injuries to a servant received from the slipping of a casting while standing on a pipe to work on the casting, which alleges that plaintiff was negligent, proximately contributing to his injuries, in that he negligently stood upon the pipe when he knew that the casting was liable to slip and injure him, but which fails to state that there was a safe way of doing the work, was demurrable.

3. *Same.*—A plea of contributory negligence alleging that the servant and another employe were engaged in chiseling off the ends of a flask which was lying on two pipes and that plaintiff negligently remained standing on the pipe and jarred the flask until it slipped or fell on the pipe and caught his foot, was insufficient as an answer to a complaint for injury received from the flask, because not alleging that there was not a safer way for doing the work

[United States C. I. P. & F. Co. v. Driver, pro ami.]

than by standing on the pipe, or that the danger was obvious, or that plaintiff knew of the danger.

4. *Same; Instructions.*—Where the action was for injury to a servant and the negligence complained of was not that the defendant ordered plaintiff to the place where he was injured, but that another of defendant's employes to whose order plaintiff was bound to conform, ordered him to go there, a charge asserting that if defendant ordered plaintiff to go to the place and work there, plaintiff should recover, was erroneous as not applicable to the pleadings and was also erroneous for ignoring the defense of contributory negligence.

5. *Evidence; Opinion or Fact.*—A question to the plaintiff as to whether he could have stood on the ground and done the work properly, called for the statement of a fact and not an opinion, the action being for injuries to the servant while standing on a pipe at work on the casting placed thereon, by reason of the casting slipping and injuring his foot.

6. *Witnesses; Examination; Cross.*—Where the action was for injury to a servant and the negligence relied on in one count was that the defendant's master mechanic to whose orders plaintiff was bound to conform, ordered him to work at the place where he was injured, it was competent for the defendant to ask the plaintiff who told him to go to that place.

7. *Trial; Necessity for Instruction.*—Where the questions sought for matters tending to show the extent of the injury received and did not necessarily ask for evidence as to permanent injuries, if the defendant wished to limit the scope of the inquiry so as not to extend it to proof of permanent injuries, it should have requested instructions to that end.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Ernest Driver, by his next friend, against the United States Cast Iron Pipe & Foundry Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The third count of the complaint is as follows: "The plaintiff, who is under the age of 21 years, suing by his next friend, Mrs. L. D. Driver, who is over the age of 21 years, claims of the defendant the sum of $1,900 damages. Plaintiff avers that on, to wit, January 23, 1908, defendant was engaged in the business of making large cast iron pipe and other castings of great weight, or flasks of great weight, and operated its plant near Bessemer, in Jefferson county, Ala.; that on said date, to-

wit, January 23, 1908, plaintiff, who was a boy of young and tender years, and without experience in and about the business of defendant at its plant, was in the employment of the defendant at said plant; that employes of defendant in said plant had placed three or more large pipe along side by side in said plant, and placed upon said pipe a large and heavy casting or flask, and plaintiff and one of defendant's employes were put to work on said large flask or casting, drilling or chiseling on the same, and plaintiff was instructed to stand upon said casting or pipe and do the sledging. And plaintiff avers said casting or flask had not been safely placed upon said pipe, to prevent or keep the same from rolling off, or moving off or about on said piping, and while he was standing on said casting and pipe, sledging the drill or chisel, said casting or flask moved or dropped down and caught plaintiff's ankle and foot, and as a proximate consequence thereof his ankle and foot were mashed and bruised, from which he suffered great mental and physical pain, was kept from earning money, had to pay doctor's bills, was unable to walk on same and do labor or work, his foot and ankle were disfigured, and he was made to go lame, all to his damage aforesaid. Hence this suit. And the plaintiff avers that he was hurt and damaged as aforesaid by reason of, and as a proximate consequence of, the negligence of defendant's master mechanic or foreman, Ed Niece (or Neace), whose name is otherwise unknown to the plaintiff, in this: Said Niece (or Neace) knew that plaintiff was a boy without experience, and that said place was dangerous and hazardous for one of the plaintiff's age and experience; but, notwithstanding said knowledge on the part of said Niece (or Neace), he negligently failed to notify or instruct plaintiff of the danger incident thereto."

[United States C. I. P. & F. Co. v. Driver, pro ami.]

Demurrers were interposed thereto as follows: "Said count does not state facts, sufficient to constitute a cause of action against this defendant. It does not appear therefrom with sufficient certainty what, if any, duty defendant owed to the plaintiff. It shows that plaintiff's injuries were caused by a fellow servant of the plaintiff, for whose negligence the defendant is not liable to the plaintiff in this action. It does not appear from said count that Neace was under any duty to notify or instruct plaintiff of the danger."

The following, among other, pleas were filed: (3) "Plaintiff was guilty of negligence which proximately contributed to his alleged injuries, in that he negligently stood upon said pipe while helping to chisel on said flask, when he knew that said flask was likely to slip and fall and injure him." (5) "Plaintiff himself was guilty of contributory negligence, which proximately contributed to his alleged injuries, in that, while he and another employe of the defendant were engaged in chisling an end or knot off the end of a flask by means of a chisel and sledge, which flask was lying on two pipes, the plaintiff stood upon said pipes sledging said chisel, and negligently remained there, and negligently jarred said flask until it slipped or fell on said pipe and caught his foot."

Demurrers to third plea: "Too vague, indefinite, and uncertain. Facts are not sufficient to show what same consists of, but are alleged as the mere conclusions of the pleader. There is nothing alleged which shows what the negligence of the plaintiff consisted of, or that he was doing or performing a dangerous work, or performing said dangerous work in a negligent manner."

WEATHERLY & STOKELY, for appellant.—The court erred in overruling demurrer to the third count of the

complaint, because it was not good either as a count under the employers Lia. St. nor at common law for the master mechanic was not a vice principal but merely a fellow servant.—*G. P. Ry. Co. v. Davis,* 92 Ala. 300; *Postal T. Co. v. Hulsey,* 115 Ala. 193; *Woodward I. Co. v. Cook,* 124 Ala. 349; *A. G. S. v. Vail,* 142 Ala. 134. The court erred in sustaining demurrers to pleas 3 and 5.— Sec. 3294, Code 1896. The question to the witness, if he could stand on the ground on either side and hit the chisel, called for a mere conclusion.—*Bir. R. & E. Co. v. Ellard,* 135 Ala. 433. The court improperly allowed evidence tending to show permanent injury.—*City D. Co. v. Henry,* 139 Ala. 161. The court should have allowed proof as to who directed plaintiff to go where he was injured. The court should have given affirmative charge on the whole case.—*Woodward I. Co. v. Curl,* 44 South. 967. The defendant was entitled to the general charge on the 3rd count.—*Richards v. Sloss-Sheffield S. & I. Co.,* 41 South. 288.

PINKNEY SCOTT, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This is an action by the appellee to recover damages on account of personal injuries received by the plaintiff while engaged in his duties as an employe of the defendant. The first assignment of error insisted on (being the third in number) is to the action of the court in overruling defendant's demurrer to the third count of the complaint. If said count is based on subdivision 2 of section 1749 of the Code of 1896, it fails to allege that the master mechanic had "any superintendence instructed to him, whilst in the exercise of such superintendence." Consequently the demurrer to said count should have been sustained. If it is under

the common law, the damages are claimed because of the failure of the master mechanic to instruct the plaintiff as to the danger incident to the work, and it is not alleged that said master mechanic was charged with that duty.

The third plea is defective, in not stating that there was a safe way of doing the work; but it is not necessary to decide whether it is subject to the causes of demurrer assigned, as the cause must be reversed for other causes.

The demurrer to the fifth plea was properly sustained, on the ground that it does not allege or show that there was a safer way of doing the work by standing on the pipes, nor is it alleged that the danger was obvious, or that plaintiff knew of it.

There was no error in overruling the objection to the question to the plaintiff, when on the stand as a witness: "Could you stand on the ground here, on either side, and hit the chisel?" This called for a statement of a fact, and the answer of the witness not only stated the fact, but went on to explain the position, which showed that he could not stand on the ground and do the work.

The objections to questions on the ground that they sought proof as to permanent injuries were properly overruled, as they did not necessarily call for such proof, but for matters tending to show the extent of the injury received. Charges could have been requested limiting the extent of the testimony.

The court erred in sustaining the objection by plaintiff to the question to the witness (the defendant): "Who told you to get up there?" The negligence relied on in the second count of the complaint is that Niece (or Neace), to whose orders plaintiff was bound to conform, ordered him to go upon said flask or casting, etc. It was certainly competent for the defendant to ask the witness, on cross-examination, who it was that gave the order to him.

The court erred in instructing the jury in his oral charge: "If after considering all the evidence, you find this defendant ordered the plaintiff to go and work around there, * * * plaintiff would be entitled to recover." The negligence complained of was, not that the defendant "ordered the plaintiff to go and work around there," but that one Niece (or Neace), to whose order plaintiff was bound to conform, etc., ordered him to go upon said flask, etc. Said charge also ignored the defense of contributory negligence.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, DENSON, and MAYFIELD, JJ., concur.