# Louisville & Nashville R. R. Co. v. Martin.

### Injury to Licensee.

(Decided December 21, 1916.   Rehearing denied January 18, 1917.
73 South. 909.)

1. **Carriers; Licensees; Injury; Contributory Negligence; Jury Question.** Where a city marshal boarded a train at the request of an agent of the defendant to eject some tramps who were hidden in a car and was injured on leaving the train while it was in motion, it was a question for the jury whether plaintiff's conduct was negligent, under the unusual circumstances and perils of his situation, it appearing that the train was put in motion while plaintiff was on it and confronted by seven or eight tramps, or "hoboes."

2. **Same; Instructions.**—Instructions denying recovery to plaintiff unless the jury believed from the evidence that his injuries were occasioned solely by defendant's negligence or improper conduct, were properly refused, since they had a clear tendency, when applied to the evidence, to mislead the jury as to the burden of proof as to contributory negligence.

3. **Same; Negligence; Contributory.**—If the jury believed and found from the evidence that the defendant was guilty of negligence, which prima facie proximately contributed to plaintiff's injuries, but the jury was not reasonably satisfied that plaintiff's own subsequent conduct was negligent, they were bound to find for the plaintiff.

4. **Same.**—If the agents of the defendant railroad requested the plaintiff to board its train and eject certain tramps, and, just as the plaintiff, a city marshal, entered the car, and was confronted by seven or eight tramps, the train began to move, and he then debarked hastily, the road was not liable if he attempted to leave the train in a negligent manner and was thereby injured.

5. **Charge of Court; Covered by Those Given.**—It was harmless error to refuse to defendant charges directing a verdict for the defendant if the plaintiff attempted to leave the train in a negligent manner and was injured thereby, where it appeared that the jury were clearly and fully instructed in

[Louisville & Nashville R. R. Co. v. Martin.]

the given charges that they must find for the defendant if the plaintiff was guilty of negligence which in the slightest degree contributed to his injury, since these given charges necessarily and obviously referred only to the manner of plaintiff's leaving the train.

6. **Charge of Court; Misleading.**—A charge asserting that the jury must find for the defendant if the plaintiff did not attempt to leave the train in an ordinarily prudent manner, was misleading, if not incorrect as applied to the facts in this case since, in the face of sudden peril, especially where it results from the fault of another, a person is not necessarily guilty of contributory negligence merely because he fails to exercise the care of an ordinarily prudent person.

7. **Same; Abstract.**—A charge that the plaintiff assumed the risk of injury if he voluntarily stepped off the car while it was in motion, and one that he was guilty of contributory negligence per se if he stepped off the car while it was in motion with no other necessity therefor than his desire to alight at that point, if stepping off caused injury which could have been avoided by his remaining in the car, were abstract as applied to the facts in this case.

APPEAL from the Shelby County Court.

Heard before Hon. E. S. LYMAN.

Action by C. C. Martin against the Louisville and Nashville Railroad Company for damages for personal injuries sustained in getting off of a moving train. Judgment for the plaintiff and defendant appeals. Affirmed.

(Transferred from the Court of Appeals under Acts 1911, p. 449.)

BROWNE, LEEPER & KOENIG, for appellant. RIDDLE & ELLIS, for appellee.

SOMERVILLE, J.—By request of defendant's authorized agent, plaintiff, the city marshal of Calera, entered a car of defendant's train during its stop at Calera, for the purpose of ejecting some tramps who were hidden in the car, and who, as usual, were not provided with tickets entitling them to transportation. The train was a passenger train that carried two stock cars next to the engine, containing horses, and these were the cars that were entered and inspected by plaintiff. He had completed the inspection of one car and turned over to defendant's agent the one intruder he found therein, and was inspecting the second car, in which he found "seven or eight more hoboes," when, without warning to him, the train started and began to leave the station. Plaintiff immediately started for the door and, while the train was running three or four miles an hour,

and in semi-darkness, began what was evidently a rather precipitate debarkation. According to his own account, he caught the handrail by the side of the door, and tried to put his foot in the step below, which he had used in ascending a few moments before. He had no exact knowledge of the location of the step, and attempted to find it with his feet, in the meantime suspending all of his weight from the handrail. Finding that he could not gain the step, he braced himself as best he could and swung loose from the car onto the ground, which was apparently clear of obstructions.

Under defendant's pleas of contributory negligence, the decisive question was whether, under the circumstances shown, plaintiff's attempt to leave the car and his mode of procedure was negligent; i. e., not in accord with the conduct of a reasonably cautious and prudent man acting under like conditions. If this was an ordinary case of alighting from a street car or a steam car, we would perhaps agree with counsel for appellant in their contention that, as a matter of law, the plaintiff's manner of exit was culpably negligent. But his conduct must be judged in the light of his peculiar circumstances. He was being suddenly whisked away in the darknes, in the midst of horses, and alone with seven presumably hostile "hoboes," remote from help, and at the mercy of a gang of lawbreakers who might not scruple to throw him headlong from the car, or even to murder him outright. Facing such perils, even a brave and prudent man might well have yielded to his fears, and, in the precipitate flight which the emergency seemed to demand, may have omitted that care and deliberation in his movements which he would and should have observed under ordinary conditions.

(1) We think it was for the jury to determine whether plaintiff's conduct was negligent under the unusual circumstances and perils of his situation.

For the same reason, it is clear that the ordinary standards of conduct which this court has applied to passengers alighting from cars cannot be applied to a case like this.

(2, 3) Refused charges 7, RR, and PP forbid a verdict for plaintiff "unless the jury believe from the evidence that his injury was occasioned solely by the negligence or improper conduct" of the defendant. These charges, as applied to the evidence in this case, have a clear tendency to mislead the jury as to the burden of proof as to contributory negligence, and were

properly refused.  If the jury found that defendant was guilty of negligence which prima facie proximately contributed to plaintiff's injury, and then were not reasonably satisfied that his own subsequent conduct was negligent, they were bound to find for plaintiff.

We are aware that this court held, in *McDonald v. Mgy. St. Ry. Co.,* 110 Ala. 161, 20 South. 319, that the giving of a charge in this language was not an improper statement of the law, and was not a ground for reversal, under the facts there in evidence. The reasoning upon which that conclusion was supported is, no doubt, academically correct, and, if the charge had been given in this case, we might justify it, especially in view of other given charges clearly stating the law of contributory negligence. But that it is misleading in the aspect above stated, and therefore properly refusable, we have not the slightest doubt.

(4, 5) Charges 9 and VV, requiring a verdict for defendant if plaintiff "attempted to leave the car in a negligent manner, and was injured thereby,' assert a correct proposition of law under the pleadings and evidence in this case, and were expressly approved in *Watkins v. B'ham Ry. & Elec. Co.,* 120 Ala. 147, 24 South. 394, 43 L. R. A. 297.  However, their refusal cannot work a reversal, in view of the fact that in other given charges the jury were clearly and fully instructed that they must find for the defendant if "the plaintiff was guilty of negligence which contributed proximately in the slightest degree to his injury." This, and other like given instructions, were necessarily and obviously referable only to the fact and manner of plaintiff's leaving the train, and submitted the issue in terms as favorable to defendant as the law permitted.

(6) Charges 8 and SS, requiring a verdict for defendant if plaintiff "did not attempt to leave the car in an ordinarily prudent manner," though approved in *Watkins v. B'ham Ry. etc., Co., supra,* are misleading, if not incorrect, as applied to the facts of the instant case.  In the face of sudden peril, especially when it results from the fault of another, one is not necessarily guilty of contributory negligence "merely because he failed to exercise the care a prudent person would have exercised, or because he fails to exercise the best judgment, or take every precaution which he might have taken, which from a careful review of the circumstances it appears he might have taken."—29 Cyc. 521, 522; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141, 145, 12 South. 86.

[Louisville & Nashville R. R. Co. v. Martin.]

This phase of the law is, moreover, properly and sufficiently stated in defendant's given charge DD, which forbade a verdict for plaintiff if the jury found that plaintiff attempted to alight while the train was in motion, "and that at the time he did attempt to get off a reasonably prudent person, situated as he was, would not have attempted to get off."

(7) The trial judge properly refused the several charges requested by defendant to the effect (1) that plaintiff assumed all risk of injury if he voluntarily stepped off the car while it was in motion, and (2) that he was guilty of contributory negligence per se if he stepped off the car while it was in motion with no other necessity therefor than his desire to alight at that point, if stepping off caused injury which could have been avoided by his remaining in the car. Similar or identical charges were held proper in *McDonald v. Montgomery St. Ry. Co., supra,* but the circumstances there shown were altogether different from those of the instant case. Indeed, the charges may well be regarded as abstract here, since there is nothing in the evidence to support an inference that plaintiff left the car voluntarily, in the sense of making a free choice to do so; or that there was no necessity for his leaving other than his mere desire to alight at that particular point. On the contrary, the only reasonable inference is that plaintiff left the car as he did in order to escape from serious inconvenience and apparently pressing peril, to which he was involuntarily subjected by the wrongful conduct of defendant.

We think the issues were clearly placed before the jury, and that appellant cannot justly complain of prejudicial action in the matter of instruction.

As to the amount of the verdict, from the standpoint of jurors we would be inclined to regard the award as larger than the evidence reasonably warrants; but, as a revisory court, we cannot say that it is so excessive as to justify us in setting it aside.

Let the judgment be affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and THOMAS, JJ., concur.