(130 So. 548)

## HARRIS v. BLYTHE.

### 8 Div. 216.

Supreme Court of Alabama.
Oct. 23, 1930.

Rehearing Denied Nov. 6, 1930.

Travis Williams, of Russellville, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

GARDNER, J.

Plaintiff recovered damages for injury to his automobile resulting from a collision with defendant's car, which occurred on a state highway near the point of the intersection of another road with the highway on which plaintiff's car was traveling. At the point of this intersection was an Alabama stop signal sign commanding the traveler on the road entering into this highway to stop before doing so.

The state highway commission had authority to so order the erection of this traffic signal at this point under the provisions of section 67, General Acts 1927, p. 348. Presumptively this sign was properly and authoritatively so placed at this point, and defendant's objection to this evidence for a want of proof that it was duly authorized was prop-

erly overruled. Prima facie, at least, its erection at this point was sufficient.

We think a consideration of section 67, supra, will suffice also to show the trial court committed no error in that part of its oral charge complained of in assignments of error 11 and 12.

Plaintiff's given charge constituting the thirteen assignments of error was doubtless intended to apply the rule as to conduct in emergencies by way of excuse of conduct which might otherwise constitute negligence, found stated in 45 Corpus Juris, 962, and given application by this court in Louisville & Nashville R. R. Co. v. Martin, 198 Ala. 540, 73 So. 909. But the charge does not correctly state the rule, as its reading readily discloses, and it is also invasive of the province of the jury, particularly in view of defendant's evidence tending to show that plaintiff was guilty of negligence in driving on the wrong side of the highway without regard to any sudden peril or emergency and prior to any such occasion. The charge was erroneous and constitutes error to reverse.

Charge 5, refused to defendant, omits any reference to the question of proximate cause, and was properly refused.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.