172 So. 263

**PITTMAN v. CALHOUN.**

4 Div. 904.

Supreme Court of Alabama.
Jan. 23, 1937.

See, also, 231 Ala. 460, 165 So. 391.

J. J. Speight, of Dothan, for appellant.

J. N. Mullins and W. P. Calhoun, both of Dothan, for appellee.

FOSTER, Justice.

This is a suit for damages for personal injuries to plaintiff caused by defendant in negligently driving a car against him while plaintiff was walking along the public road. Plaintiff was walking on the left side of the road meeting defendant driv-ing his car on his right side. It was at night, and plaintiff claimed that he was on the shoulder in the grass, by the side of the road, and defendant seemed to be driving directly toward him, when he jump-ed into the road to avoid the collision and then defendant suddenly veered his car to his left back into the road and hit plaintiff.

Defendant contended that plaintiff was in full view and suddenly jumped in front of the car while it was traveling at a moderate speed straight down the road on the right-hand side, and three or four feet from the edge, and that it was such a sud-den movement as to be impossible to stop the car to avert the accident.

■ When testifying plaintiff said, "I saw I had to move from there so I turned to jump back out in the road and let him go whichever way he started." The ob-jection was on general grounds, and that it stated a conclusion. But we think this belongs to that class of evidence in which the witness states that which on its face is an inference, but more properly it is equivalent to a specification of the facts. South & N. A. R. Co. v. McLendon, 63 Ala. 266.

We have had many cases referring to the principle, but cite only a few which seem to illustrate it as applied to the question here involved. Mayberry v. State, 107 Ala. 64, 18 So. 219; Alabama G. S. R. Co. v. Yarbrough, 83 Ala. 238, 3 So. 447, 3 Am. St.Rep. 715; Orr v. State, 117 Ala. 69, 23 So. 696; Smith v. State, 137 Ala. 22, 34 So. 396; United States C. I. P. & F. Co. v. Driver, 162 Ala. 580, 50 So. 118; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; Sloss-S. & I. Co. v. Jones, 207 Ala. 7, 91 So. 808.

■ In discussing some of the assign-ments of error, it is insisted that the court should have excluded certain evi-dence of declarations made by defendant, that it hurt him and he was sorry of the injury, and that he was at fault. But we think that the contention is contrary to the holding of this court in Strickland v. Davis, 221 Ala. 247, 128 So. 233, and for the reasons there assigned it is not well taken.

■ In conversations with defendant which two of the witnesses were repeating, they volunteered the statement that de-fendant also said he had plenty of insur-ance. The court in each instance sustained the motion to exclude the statement about insurance, and was careful to admonish

the jury not to consider it. Counsel for plaintiff was particular to say that he did not call for it. We do not think the circumstances are such that plaintiff's case should for that reason have been withdrawn from the jury, or that a new trial have been granted. There was no effort in this way, nor otherwise, to get the question of insurance before the jury. The witnesses were questioned as to what defendant said as to the facts of the occurrence, and that was repeated as a part of his statement, and promptly excluded with emphasis.

In Standridge v. Martin, 203 Ala. 486, 84 So. 266, counsel argued such matter to the jury, and there was only a conditional withdrawal, and the sustaining of objection was held not to be sufficient to eradicate the injurious effect. In Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann.Cas. 1916E, 565, counsel made persistent effort to prove that attorneys for defendant represented an insurance company.

It is not every reference in the testimony to insurance held by defendant which is of such nature that the court should withdraw the case or grant a new trial. Smith Lumber Co. v. McLain, 202 Ala. 32, 79 So. 370; Clark-Pratt Cotton Mills Co. v. Bailey, 201 Ala. 333, 77 So. 995, 996; Smith v. Baggett, 218 Ala. 227, 118 So. 283.

In Smith v. Baggett, supra, the remark was an inseparable part of a statement which the witnesses say defendant made concerning the transaction. While in this instance it was separable from the balance of what was said, there was no conduct on the part of plaintiff or his counsel in respect to it (64 Corpus Juris 104 et seq.) of such injurious sort as to be sufficient to sustain the motion to withdraw and continue the case, or for a new trial.

On former appeal of this case, 231 Ala. 460, 165 So. 391, this court pointed out the well-known rules applicable to the laying of a predicate to impeach a witness, and reversed the judgment because they were not duly observed. On this trial counsel and the court were careful that those rules were observed.

■ Charge No. 4 is the same as charge No. 6 held on former appeal to have been given without error. Counsel insist that the principle does not apply unless the sudden peril was due to the wrongful act of defendant, and that feature is not hypothesized in the charge. The only limitation in that respect is that the sudden peril must not be wrongfully or voluntarily assumed by plaintiff. Birmingham R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; McCauley v. Tennessee Coal, Iron & R. Co., 93 Ala. 356, 357, 9 So. 611; Alaga Coach Line v. Foy, 227 Ala. 506, 150 So. 493.

■ True, the rule is emphasized when the sudden danger is due to the fault of defendant, but it is not an essential element of the principle. Louisville & N. R. Co. v. Martin, 198 Ala. 540, 73 So. 909.

■ Charge No. 4 is hypothesized upon a finding that plaintiff was without fault in going into danger. We do not think that the charge is subject to the objection made to it.

■ The court carefully, and we think correctly, charged the jury in respect to all the correct claims made by defendant as embraced in refused written charges, and as to all the issues which seemed to be raised on the trial. Some of defendant's refused charges may assert correct principles of law, but the substance of them was included in the general charge.

It is not always necessary to give every charge which asserts a correct proposition of law. It may be abstract or included in other charges given or in the oral charge.

■ We do not think reversible error appears in refusing any of defendant's charges, or that the motion for a new trial should have been granted on any grounds which we have mentioned, or because the verdict was contrary to the great weight of the evidence. True, it was in sharp conflict, but its weight was for the jury and it is such that the jury could very well have found for plaintiff as they did.

We do not think it necessary to discuss other questions, but in our judgment none of them show reversible error.

Affirmed.

All the Justices concur, except GARDNER, J., who dissents.