112 So.2d 472

**Buford S. DURHAM**

v.

**E. T. YORK.**

**7 Div. 438.**

Supreme Court of Alabama.

May 28, 1959.

Lusk & Lusk, Guntersville, for appellant.

**305**

Scott & Scott, Fort Payne, for appellee.

GOODWYN, Justice.

Appellee, E. T. York, brought suit against appellant, Buford S. Durham, in the circuit court of DeKalb County to recover damages allegedly resulting from an automobile collision. The jury returned a verdict in favor of plaintiff, on which verdict judgment was duly rendered. Defendant's motion for a new trial being overruled, he brought this appeal.

The complaint consists of three counts, counts 1 and 3 charging simple negligence and count 2 charging "willful or wanton conduct." The case went to the jury on all three counts.

The one assignment of error is that "the court erred in overruling defendant's motion for a new trial." Only two points presented by the motion are argued and insisted on. See Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 282, 95 So.2d 921; Roan v. McCaleb, 264 Ala. 31, 34, 84 So.2d 358.

1.

At the time of the accident, plaintiff was driving his Ford pick-up truck on a gravel road, about 20 feet wide, going up the west side of Lookout Mountain through Wade's Gap in DeKalb County and defendant was driving his Ford sedan on the same road coming down the mountain. The road has many curves, some of which are sharp. The point of contact of the vehicles was about 30 or 40 feet above a curve and about 260 feet below the next higher curve.

During the cross-examination of defendant the following occurred:

"Q. You did not blow your horn as you approached that curve? A. No, I wasn't near enough to.

"Q. What! You were in 35 feet of it? A. I was in 30 feet of it when we had the impact. I was about 70 feet from it when I saw the front of his car.

"Q. You didn't blow your horn as you approached the curve above there?

"Mr. Beck: We object.

"The Court: Sustained.

"Mr. Scott: We except. We think it is important.

"The Court: How far was it? I have forgotten the testimony.

"Mr. Scott: Three hundred feet.

"The Court: Overruled.

"Mr. Lusk: We except.

"Q. You did not blow your horn at that curve,—you hadn't had you? A. I don't think so."

Appellant insists it was prejudicial error to require him "to testify on cross-examination that he did not think he had sounded his horn when he approached another curve 300 feet south of the curve near which the accident occurred."

■■■ It is to be noted that no ground is assigned in support of the objection. The rule is that if only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence is patently illegal and cannot be made legal for any purpose. Circuit Court Rule 33, Code 1940, Tit. 7 Appendix; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; W. T. Rawleigh Co. v. Haynie, 231 Ala. 246, 247, 164 So. 101; Bennett v. Bennett, 224 Ala. 335, 339, 140 So. 378; Sanders v. Knox, 57 Ala. 80, 83–84. In the last cited case, in an opinion by Brickell, C. J., it is stated as follows:

"The objection to the introduction of the mortgage was general and undefined, 'because the same was illegal, irrelevant and incompetent.' * * * A general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. Such objections may mislead the party against whom they are taken, and the court, and lead to the practice of making objections in this court, which if made in the primary court would have been obviated. We concur with what was said by Collier, C. J., in Wallis v. Rhea & Ross, 10 Ala. [451] 453; 'Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them will not particularize, the court is not bound to cast about for the grounds upon which in the mind of counsel they are rested, but may properly disregard them.' "

■■ Aside from any other reason why the ruling was not error to reverse, the evidence objected to was clearly relevant to the question of defendant's "willful or wanton conduct," as charged in count .2.

2.

During the argument to the jury by one of defendant's counsel the following occurred:

"Mr. Scott: We object to counsel for the defendant making this statement: 'Is it right for Mr. Durham to have to pay the thousands and thousands of dollars they have sued for upon that testimony.' Now, due to certain things connected with this case, your Honor knows we cannot answer that.

"Mr. Lusk: Is counselor trying to run himself into trouble?

"Mr. Scott: No, sir, I am trying to keep you out of trouble. As a matter of fact they ought to know that Mr. Durham will not have to pay this judgment.

"Mr. Lusk: We move for a mistrial. We move for a mistrial, your honor.

"Mr. Scott: He made the statement, 'Is it right for Mr. Durham to have to pay the big sum of money?'

"Mr. Beck: We move for a mistrial, your Honor.

"The Court: Overruled. Gentlemen, I don't think it is a matter for the jury who has to pay. It is a question whether or not there is any liability in this case.

"Mr. Lusk: Defendant excepts.

"Mr. Scott: We will take the bridle off if they will.

"Mr. Lusk: You have yourself in trouble.

"Mr. Scott: Yes, I know about trouble.

"The Court: Gentlemen of the Jury, anything either lawyer may say to the other you pay no attention to it; pay no attention to any remark made by one side to the other. My ruling is what guides you in this case. Not what the lawyers say.

"Mr. Beck: You sustained the objection?

"The Court: I overruled defendant's motion to declare a mistrial.

"Mr. Beck: Did you sustain our objection to his statement?

"The Court: To his last statement? I have explained to the jury to disregard all statements made by the attorneys. You did not make any objection.

"Mr. Lusk: We asked your Honor to stop him.

"The Court: Gentlemen of the Jury, the repartee by the attorneys is improper from both sides. There was some of it from both sides. That is not proper. Gentlemen, direct your remarks to me, and I will make the ruling, and we will keep it straight.

"Mr. Scott: We object to the statement made by Mr. Beck, and move to exclude it.

"The Court: Overruled.

"Mr. Scott: We object to the statement, 'That he will have it to pay.'

"The Court: Overruled. I think you might be getting into error.

"Mr. Scott: We except. We will say that he won't have it to pay.

"Mr. Lusk: Your Honor, Mr. Scott just made a statement—stood there on the floor and pronounced, 'We will say he won't have it to pay.'

"The Court: Sustained; and I will tell the jury again that it does not make any difference who has anything to pay, and the only thing the jury considers is whether or not there is any liability. Sustained. Go ahead, Mr. Beck, in line with my admonishment to the jury.

"Mr. Lusk: We renew defendant's motion for a mistrial.

"The Court: Motion overruled.

"Mr. Lusk: We except."

■ The insistence is that the remark of plaintiff's counsel, that "they ought to know that Mr. Durham will not have to pay this judgment," was highly prejudicial and ineradicable principally because it clearly implied that a "hired indemnitor", an insurance company, and not the defendant, would have to pay the judgment.

On consideration of the proceeding as a whole, particularly in view of the trial court's admonishment of the jury and its ruling on appellant's motion for a new trial, and the fact that the amount of the verdict is not questioned (the motion for a new trial contains no ground charging excessiveness of the verdict), we are at the conclusion we would not be warranted in reversing the case on this ground. In British General Insurance Co. v. Simpson Sales Co., 265 Ala. 683, 689–690, 93 So.2d 763, 769, we had this to say:

"Regardless of the propriety or impropriety of the remarks of counsel in the case at bar, we do not feel there has been a showing of injury to appellant requiring a reversal. As stated in Birmingham Electric Co. v. Perkins, 249 Ala. 426, 430, 31 So.2d 640, 642:

"'* * * The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial

to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial to the defendant, either as to result or the amount of damages assessed. * * ' "

Neither ground constituting error to reverse, the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.