159 So.2d 841

**Reubin E. BURNETT**

v.

**Laverne BLEDSOE, Admr'x.**

**5 Div. 769.**

Supreme Court of Alabama.

Jan. 16, 1964.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

Tom Radney, Alexander City, and Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

**140**

SIMPSON, Justice.

Appeal by the defendant from a judgment entered on a jury's verdict in the amount of $10,000.00 in a wrongful death action. A motion for a mistrial was made by appellant during the course of the trial and overruled; then after judgment was entered a motion for a new trial was timely filed and subsequently overruled by the trial judge.

The sole question presented by this appeal and the basis for the motions made below concern the following testimony which appellee's counsel was attempting to elicit from appellee's witness Lett:

"Q: Mr. Edgar, was Reubin Burnett there when you got there?

"A: I don't know, sir, whether he was or not. There was a good many people there.

"Q: Mr. Edgar, do you recall Reubin Burnett saying there at the scene to Laverne Bledsoe, 'Don't worry about it I have $10,000.00 worth of insurance? To take care of it?'"

Objection to the foregoing question was sustained and the question never answered and the lower court in overruling the motion for a mistrial stated as follows:

"THE COURT: The Court agrees with you Mr. Fernambucq, that this certainly is not the best method and probably improper to approach it in this manner. However, the Court is not going to declare a mistrial at this point. I don't know what the man's answer would be. He might say, 'No, he didn't hear such a statement.' I can't say that it would be such prejudicial error as would require the granting of a mistrial at this point. The Court will overrule your motion."

In his oral charge to the jury the learned trial judge admonished the jury as follows:

" * * * evidence that was admitted in the trial here that the Court feels is improper was to the question of witness about a statement the Defendant made about insurance. The witness didn't answer the question. The answer could just as well been 'No' and [sic] 'Yes'. We don't know, the lawyer can't testify, and you have taken your oath to try this case on the evidence that came from the stand. So we don't know, I don't know, you don't know, and it makes no difference whether or not there is any insurance. If you are going to do your job according to your oath you are going to forget that that question was even asked because that has nothing to do with it because what we are concerned with is was there damages, was there negligence, were the damages proximately caused by the negligence. That is all you've got to decide in the first place. Then you must go farther if you find that there was negligence then you must go farther a fix [sic] the damages. On the other hand you've got to look to see if there were [sic] negligence, you must go further into the question was he sane. So the question of insurance

as [sic] nothing to do with your deliberations, gentlemen, and it is of no consequence and is not to be even considered by you."

The cases where insurance is mentioned in civil actions during the trial are numerous but the determining factor is whether or not a remark concerning insurance is prejudicial. The governing rule with reference to all remarks of counsel before the jury is thus stated in Birmingham Electric Co. v. Perkins, 249 Ala. 426, 430, 31 So.2d 640, 642:

"The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial * * *."

Restated in Durham v. York, 269 Ala. 304, 112 So.2d 472, and British General Ins. Co. v. Simpson Sales Co., 265 Ala. 683, 93 So.2d 763.

Appellant contends that the effort of appellee's counsel in asking the question of witness Lett was solely to get into evidence the statement concerning insurance, and that the action was highly illegal, improper, and that he was acting in bad faith because the witness had stated he did not know whether or not the appellant was present; and that efforts of the lower court to eradicate this from the minds of the jury were wholly ineffectual.

Appellee, on the other hand, first contends that the question propounded to witness Lett was a legal and proper one for two reasons: First, it had a direct bearing on the sanity of appellant (which was interposed as a special plea in defense to puni-

tive damages); second, that it was admissible as an admission against interest of appellant. Appellee contends secondly that if the evidence sought to be elicited by this question was illegal, then the instructions by the trial judge were sufficient to remove from the minds of the jurors any prejudicial effect of the question.

Appellant puts great stress on the fact that the verdict of the jury was returned in the amount of $10,000.00; and the mention of insurance coverage involved the same figure. While these figures may seem not to be entirely coincidental, we may not engage in speculation to the extent of saying the verdict of $10,000.00 was a result of the mention of insurance coverage in that amount. The learned trial judge did not accede to such an argument, nor shall we, for we feel that his capacities for mindreading or some other mystical medium, would be far greater than ours, having had before him more than the cold transcript of the proceedings.

On the whole record, we are unable to say with assurance that the statements of the trial judge relative to this matter did not entirely eradicate from the minds of the jury the alleged remark about insurance —if it was erroneous.

But the cases clearly lay down the rule that while proof of insurance is not admissible as an independent fact, it is admissible where collateral to other material facts and is so associated with or interwoven with them as to be inseparable. Hunt v. Ward, 262 Ala. 379, 79 So.2d 20; Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757; Pittman v. Calhoun, 233 Ala. 450, 172 So. 263; Smith v. Baggett, 218 Ala. 227, 118 So. 283.

Most of the cases cited by appellant deal with repeated attempts by counsel to get before the jury the fact of liability insurance with no apparent connection with some other material fact, and the cumula-

tive effect of such attempts was held to justify the granting of a new trial or a mistrial. However, here we are dealing with one isolated instance and its being connected with evidence which may or may not have been legal. The fact remains that the attempt was made under color of right, or show of right to do so. We therefore do not feel that a mistrial or a new trial was warranted.

In the Hunt v. Ward case, supra, which is strikingly similar to the case at bar, there were five separate, distinct, repeated attempts to interject insurance into the record, yet the court stated:

"We cannot say that it was wholly improper to ask the questions here involved. But the objection was sustained and the questions did not indicate a purpose to get before the jury the incident of insurance *without any show of right to do so*. We think that it was not sufficient to require the court to grant a mistrial or a new trial. It is not every reference to insurance which is of such nature that the court should withdraw the case and grant a new trial." (Emphasis ours.)

The evidence sought by the question of appellee's counsel, here, falls squarely within the rule of the Hunt case. The objection was sustained, the question was never answered, and the question was not without any show of right to ask the same. There was clearly a show of right to seek relevant and material evidence, the question could have had both a bearing on insanity of appellant, at the time of the alleged acts of negligence, and could have been an admission of fault by appellant. We think, therefore, the refusal to grant a mistrial and the refusal to grant a motion for a new trial must be sustained.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.