288 So.2d 798

Pearl Long FOWLER and Alabama Farm Bureau Mutual Casualty Insurance Company

v.

Iva Jean BURKS.

Civ. 232.

Court of Civil Appeals of Alabama.

Jan. 23, 1974.

Joseph F. Gilliland, Russellville, for appellants.

W. H. Rogers, Moulton, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a verdict and judgment from the Circuit Court of Lawrence County for $10,000, arising from an automobile-pedestrian collision.

The facts giving rise to the cause of action are not material to the issues raised on appeal and we do not set them out here.

This matter has been submitted on motion to dismiss the appeal and on the merits after brief and oral argument.

## ON MOTION TO DISMISS

Notice of appeal was filed by defendant, Pearl Long Fowler. The notice of appeal issued by the clerk and served upon appellant was stated therein to be an appeal by Pearl Long Fowler and by Alabama Farm Bureau Mutual Casualty Insurance Company. The appeal bond was executed by William Bedford as attorney in fact for Pearl L. Fowler, and by William Bedford as attorney in fact for Alabama Farm Bureau Mutual Casualty Insurance Company, a corporation. The bond includes the insurance company as a defendant and appellant as well as Pearl Long Fowler. The clerk in the transcript of the record has styled the cover sheet as an appeal by Pearl L. Fowler and the Alabama Farm Bureau Mutual Casualty Insurance Company. The certificate of appeal however, shows Pearl L. Fowler as appellant and Farm Bureau as surety on the supersedeas bond.

On motion to dismiss, appellee complains that Alabama Farm Bureau Mutual Casualty Insurance Company was not a party to the suit. nor judgment and has no right to appeal therefrom. Such complaint is of course correct. However, we do not consider it sufficient to dismiss the appeal of Pearl L. Fowler. Pearl L. Fowler has appealed.

We consider Alabama Farm Bureau Mutual Insurance Company nothing more than surety on her bond. As it was not a defendant in the suit and judgment, it cannot now be an appellant. The motion to dismiss the appeal is denied.

## ON MERITS

Appellant has assigned as error the failure of the trial court to grant defendant's motion for a mistrial made after voir dire examination of the jury venire by counsel for plaintiff.

We have carefully studied the portion of the transcript containing the examination of the jury by counsel. There were several questions relative to whether members of the jury were stockholders, officers, agents or policy holders of Farm Bureau Insurance Company. We have found nothing in such examination im-

proper under the provisions of Title 30, § 52 of the Code of Alabama 1940. It was stated in the case of Roan v. Smith, 272 Ala. 538, 133 So.2d 224 as follows:

> "The inquiries directed to prospective jurors as permitted under Tit. 30, § 52, Code of 1940, should be liberal and extend to any and all matters touching the qualifications, interest or bias of prospective jurors. The extent of this examination of prospective jurors as to their qualifications is largely a matter resting within the sound discretion of the trial court."

The questions asked of the jurors in this instance were well within the latitude of those approved by the Supreme Court in the recent case of American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739.

Appellant further assigns as error a refusal by the court to instruct the jury not to consider some reference to Farm Bureau made by counsel for plaintiff during his closing argument.

We have examined the transcript in consideration of this assignment. We find a colloquy between counsel concerning something said by plaintiff's counsel in argument. What he said is not contained in the record. It appears that counsel in argument made some reference to a photograph shown to a witness by a "Farm Bureau man." We find that a witness for appellant did state on cross examination that he was shown a picture of defendant's car by a "Farm Bureau man." There was no objection nor motion to exclude made by defendant at the time of such testimony. We assume that counsel for plaintiff made some reference to that testimony in argument to the jury. At the conclusion of the colloquy between counsel and the court over this matter, counsel for appellant made the following motion:

> "Now if it please the court, we, at this time, are going to move for you to instruct the jury that that is no consideration for them, because that is of no

concern in this case, because it has'nt been plead and it must be specifically plead."

To this motion the court said "overruled."

The trial court was present and presumably heard the remarks of counsel. The determining factor in the mentioning of insurance before the jury in such cases as this is whether the remark is prejudicial. The trial court must have determined the remark of counsel not to be prejudicial. With nothing before this court as to what was said by counsel in argument nor to what appellant's motion referred, we are unable to hold that the court was in error in overruling the motion. Burnett v. Bledsoe, 276 Ala. 139, 159 So.2d 841.

Appellant contends error in the overruling of her objection that plaintiff was attempting to impeach her own witness. We have examined the question referred to by the assignment of error. The question posed to the witness was on re-direct examination and was merely an attempt to clarify or explain an answer given by the witness on cross examination. It does not attempt to impeach the witness. It further appears that after objection to the question, the witness did not answer nor was the question again asked. There was no error.

Appellant's last argued assignment of error is directed to an exception taken to a portion of the court's oral charge. That excepted to was "If you want to call it willful negligence you may."

This statement was made to the jury in charging them as to wanton conduct. An examination of the charge indicates that the court properly charged the jury as to the definition of wanton conduct. After so charging them, the court concluded with the following sentence—"Now that is what is necessary to be shown in order to constitute wanton conduct or, if you want to call it willful negligence you may."

We do not know where the court derived the term "willful negligence," and we recognize the existence of a definitive conflict between the words "willful" and "negligence." However, we do not perceive any injury to defendant-appellant in the manner in which the term was used by the court. The elements of wantonness were fully defined by the court. It appears that if the term tended to mislead the jury it was to the detriment of plaintiff rather than defendant, a willful or intentional act may not necessarily be involved in wantonness. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429. To imply that defendant must have committed a willful act in order to be guilty of wantonness merely places a greater burden of proof upon plaintiff. Though the use of the term "willful negligence" was incorrect terminology, there was no injury to defendant. Supreme Court Rule 45.

The verdict and judgment of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.