This appeal and cross-appeal are from judgments entered by the trial court after a jury returned a verdict in favor of the plaintiffs and against the defendant, Thompson-Weinman and Company, and from an order of remittitur reducing the amount of damages awarded by the jury. Thompson-Weinman alleges that the trial court committed numerous errors in the course of trial; the plaintiffs cross-appeal the order of remittitur. For the following reasons, we reverse and remand.
Thompson-Weinman conducted blasting operations in close proximity to James D. Robinson and numerous other named plaintiffs who filed suit against the company, alleging damages to real and personal property and also alleging mental anguish. Before the trial began the trial court, cautioning all prospective witnesses to avoid mentioning liability insurance during the course of their testimony, gave the following instructions:
 Okay, let me state to each of the witnesses here. Do not use the word "insurance" unless it's in answer to a direct question, and if you cannot answer a question without the word insurance make it known to the Court out of the hearing of the jury. Again, I will not rule upon this matter ahead of time, but I do not recall an instance where the word "insurance" came out unless it was on almost a direct question from Defendant's counsel in response to a question that called for it that I've ever not granted a mistrial.
During the course of the trial Eddie Giddens, one of the several plaintiffs, was testifying on direct examination. He gave an *Page 411 
unresponsive answer mentioning "insurance" contrary to the trial court's instructions, viz.:
 Q. What in your opinion was the value of that same automobile in its damaged condition in Talladega County, Alabama . . .
A. Well, some insurance man —
The trial court sustained a timely objection and gave the following curative instruction:
 THE COURT: I'll exclude that. I'll instruct the jury not to consider that in any way in reaching your verdict. Is there any one of you who cannot completely put that out of your mind? Can you, can you, can you, can you, can you, can you, can you, can you, can you, can you, can you, can you? Let the record reflect that each one said they could.
Notwithstanding this curative instruction, the trial court granted Thompson-Weinman's motion for a mistrial as to the Giddenses. The trial continued and the case was submitted to the jury which found in favor of the plaintiffs. The trial court granted Thompson-Weinman's motion for new trial unless James D. Robinson and Vergie Robinson agreed to remittiturs, which they agreed to under protest.
On appeal Thompson-Weinman contends that the trial court erred in granting a partial mistrial as to the Giddenses, arguing that a mistrial as to all parties should have been granted. In their brief plaintiffs have argued only that the trial court properly exercised its discretion in granting the partial mistrial. We hold that the trial court erred in granting a partial mistrial and thus this cause must be reversed and remanded for a new trial.
The issue of whether to grant a mistrial generally rests within the sound discretion of the trial court. Record DataInternational, Inc. v. Nichols, Ala., 381 So.2d 1 (1979);McCart v. Devine, 51 Ala. App. 678, 288 So.2d 739 (1973). The reason for the rule is well advanced in Burnett v. Bledsoe,276 Ala. 139, 159 So.2d 841 (1964), where the Court explained:
 The cases where insurance is mentioned in civil actions during the trial are numerous but the determining factor is whether or not a remark concerning insurance is prejudicial. The governing rule with reference to all remarks of counsel before the jury is thus stated in Birmingham Electric Co. v. Perkins, 249 Ala. 426, 430, 31 So.2d 640, 642:
 "The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were properly prejudicial * *."
 Restated in Durham v. York, 269 Ala. 304, 112 So.2d 472, and British General Ins. Co. v. Simpson Sales Co., 265 Ala. 683, 93 So.2d 763. [276 Ala. at 141, 159 So.2d at 843.]
A review of the instances in which liability insurance was injected into a civil case discloses that the trial court's focus is upon prejudice, i.e., was the defendant prejudiced to such an extent that the improper influence of the subject of insurance was ineradicable from the minds of the jurors? If so, then on the basis of the trial of the proceedings below, in all likelihood we would be persuaded to affirm the trial court's decision. If the trial judge answers that question in the affirmative, he is duty bound to grant a mistrial. Ineradicable prejudice either is present or it is absent.
In the case at bar the trial court granted a mistrial only as to the Giddenses for it was Mr. Giddens who improperly injected the subject of insurance into the case. The trial court gave curative instructions to the jury. Had the court denied the motion for mistrial, in effect holding that the defendant was not prejudiced to the point of mistrial and that the influence of the improper mention of insurance was *Page 412 
eradicable from the minds of the juror, we would, on the basis of the transcript of the proceedings below, in all likelihood be persuaded to affirm the trial court's decision. The situation would be similar to that presented in Burnett, supra.
However, that is not the situation in this case. Here, the trial court partially granted the defendant's motion for mistrial, necessarily holding that the defendant was prejudiced
and that the influence of the mention of insurance could not be eradicated from the minds of the jurors.
If the defendant was prejudiced as to the Giddenses, it was equally prejudiced as to all other parties, for while there were several named plaintiffs in the case, there was only one defendant, and the plaintiffs' claims were all similar, each alleging damages resulting from defendant's blasting operation. It is illogical to conclude that the jury would think about the defendant's insurance when considering the claim made by the Giddenses against the defendant, but that on the other hand that same jury would not think about the defendant's insurance when considering a similar claim made by any other plaintiff against the same defendant. Therefore the trial court should have either denied the motion for mistrial or granted the motion for mistrial as to all parties. Having failed to do either, having granted the mistrial only as to the Giddenses, the trial court erred.
Plaintiffs' counsel, during oral argument, suggested that the trial court may have granted the mistrial as to the Giddenses as a disciplinary measure, since the court warned all witnesses at the beginning of trial not to mention insurance. The record does not reveal any such intent.
We pretermit discussion of the other issues raised by the defendant and the issue of remittitur. The judgment of the court below is due to be, and is hereby, reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur.
JONES, J., concurs in the result.
 On Application For Rehearing