BEATTY, Justice.
Appeal by plaintiff from a judgment for defendant based upon a jury verdict. We affirm.
Plaintiff and defendant were involved in an automobile accident. According to plaintiff, she was driving west in the right lane on Valley Avenue in Birmingham toward Green Springs Avenue. As she approached an intersection controlled by a traffic signal, she saw that the signal was yellow and began applying her brakes. Her automobile was struck at that time from the rear.
The defendant’s version of the accident differed from plaintiffs account. He maintained that he was travelling west toward Green Springs Avenue when plaintiffs automobile, in the left lane, passed his automobile. Then, he stated, plaintiffs car changed from the left to the right lane about 20 or 30 feet in front of defendant’s car, and less than 100 feet from the intersection. According to defendant, he had to apply his brakes. While doing so, his foot slipped off the brake pedal. He reapplied his brakes but could not avoid the collision. Both cars were moving at the time defendant’s vehicle struck plaintiff’s automobile in the rear.
It appears that shortly after the accident, the defendant went to plaintiff and inquired of her condition, specifically whether she was all right, whether she wished him to call an ambulance, and whether there was anything he could do for her, and, according to plaintiff, he also said: “I’ve got insurance and I’m just real sorry it happened.”
On appeal, plaintiff presents two issues:
(1) Whether the trial court erred by refusing to allow plaintiff to introduce into evidence that portion of defendant’s post-accident statement to plaintiff that “I’ve got insurance and I’m just real sorry”; and
(2) Whether the trial court erred in allowing defendant to cross-examine plaintiff concerning her testimony on direct examination that she had paid her medical bills.
I.
Concerning the first issue, it appears that prior to plaintiff’s testimony on direct examination, the trial court was made aware that plaintiff would proffer the statement plaintiff alleges the defendant made to her shortly after the accident: “I’ve got insurance and I’m just real sorry it happened.”
Plaintiff maintains that this reference to insurance, combined with defendant’s statement about his foot slipping off the brake pedal, could be interpreted by the jury as an admission of fault. According to plaintiff, this was a statement made soon after the event and, thus, also admissible for that reason. The trial court, however, out of the presence of the jury, instructed plaintiff’s counsel to phrase questions in such a way that the reference to insurance would not be made. In this, we hold that the trial court was not in error. As was stated in Smith v. Baggett, 218 Ala. 227, 229, 118 So. 283, 285 (1928):
“It is unquestionably well settled that proof that a defendant had indemnity insurance is not admissible as an independent fact, but we have had cases where it is when collateral to other material facts or so associated with or interwoven as to be inseparable that it becomes admissible and can only be eradicated or neutralized as bearing upon the defendant’s liability by a limitation upon the effect of such evidence....” (Emphasis added.)
See also Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955), and Pittman v. Calhoun, 233 Ala. 450, 172 So. 263 (1937). Those cases do not hold that a statement such as defendant was alleged to have made here is admissible as an admission. In Smith v. Baggett, supra, it appears that such evidence was admitted without objection, and the issue became whether the proponent was thus enabled to argue the fact. In Hunt v. Ward, supra, the trial court had sustained objections to the questions concerning such statements, and, upon review, this Court held that the references were thus insufficient as a basis for requiring a *916 new trial. And, in Pittman v. Calhoun, supra, the trial court had granted a motion to exclude such a statement made by a witness and had admonished the jury not to had consider it. This Court held such an action proper because the statement was “separable from the balance of what was said,” and held that the circumstances of its being heard by the jury did not require a new trial. Cf. C. Gamble, McElroy’s Alabama Evidence, §§ 189.04(1), (8) (3d ed. 1977).
It is clear from the record that the trial court excluded the statement in question on grounds of relevancy, and, under the authorities cited above, he was correct. Additionally, the statement itself was separable, and thus the trial court’s ruling was made within its discretion. See Pittman, supra; McElroy’s Alabama Evidence, supra; and cases cited therein.
II.
During her case in chief, plaintiff testified in regard to certain medical bills she had incurred by reason of the accident and stated that she had paid them. On cross-examination, the following occurred:
“Q. Now, Rhonda, you have testified on direct examination that you paid these medical bills that you incurred; is that correct?
“A. Yes, sir.
“Q. Did you actually pay those out of your pocket?
“A. Yes, sir.
“Q. Did you write checks for those or pay for them by cash?
“A. Sometimes cash, sometimes by check.
“Q. All right. No one else paid those medical bills for you or on your behalf?
“MS. WALKER: Objection, Your Hon- or, please. She’s testified that she paid the bills.
“THE COURT: I’m going to overrule as to that question right there.

“...

[[Image here]]
“A. Well, yes.
“Q. Who actually paid them?
“MS. WALKER: Objection, Judge.
“THE COURT: I’m going to sustain. “Y’all approach the bench.”
Later, during closing argument, defendant’s counsel argued:
“We look at her medical bills. She came up here on the witness stand and she told you that I got all these medical bills and I had to pay them myself. These are her words. You know what her testimony was thereafter. She didn’t have to pay those medical bills.
“MS. WALKER: Object, Your Honor.
“THE COURT: Sustained.
“MR. CLARK: You heard what her testimony was about who paid the medical bills.
“MS. WALKER: Object.
“THE COURT: Sustained.
“MR. CLARK: Y’all heard the testimony about who paid the medical bills.
“MS. WALKER: Objection, Your Hon- or.
“THE COURT: Sustained.
“Ladies and gentlemen, let me tell you this right now, that you are not to consider any means by which the plaintiff was able to pay her medical bills. Where she obtained the money in which to pay these bills is not relevant or material to the fact that she incurred them, if you are reasonably satisfied that she did incur them and incurred them as a proximate result of the accident.
“Go ahead.
“MR. CLARK: I mentioned something that’s not, because it’s material who paid it. It’s material as to the statement that was made by the witness. That’s the only reason that it was mentioned.
“MS. WALKER: Objection, Judge.
“THE COURT: For that limited purpose.”
And, in the trial judge’s instructions to the jury, he admonished:
“I told you during the arguments that you are not to consider any means by which the plaintiff was able to pay her medical bills. In short, where she may *917 have obtained the money to pay those bills is not relevant or material to the facts, if you are reasonably satisfied that she in fact incurred those bills.”
Plaintiff insists that the questioning quoted exceeded the boundaries of the “collateral source rule,” and thus she was so prejudiced as to require reversal.
The “collateral source rule” is explained in McElroy’s Alabama Evidence, supra, § 189.04(2) at 378:
“The general exclusionary rule which precludes the admission of the defendant’s liability insurance coverage also applies to preclude the defendant from introducing evidence that the plaintiff had insurance coverage or has been indemnified for the accident in question. This preclusion would generally be considered simply to be an application of the collateral source rule which provides that the plaintiffs receipt of benefit arising out of an accident does not affect his rights against the defendant. When a person sues for injury to his person or property, the defendant may not prove that an insurance company has paid or is liable to the plaintiff for any or all of his loss and this is true even though the proceeds of any judgment recovered will inure wholly or in part to an insurance company, as subrogee of the plaintiffs’ claim.” (Footnotes omitted.)
In this case, the defendant did not prove that an insurance company had paid plaintiff’s medical bills. But in answer to defense counsel’s question, “No one else paid those medical bills for you or on your behalf?” plaintiff, having had her general objection to the question overruled, answered: “Well, yes.” Thus defense counsel was allowed a limited cross-examination which elicited a statement by plaintiff that contradicted her earlier statement that she herself had paid them. The trial court’s instruction to the jury correctly limited the jury’s consideration of that subject. The jury was, in fact, instructed on two separate occasions that it was not to consider “any means by which plaintiff was able to pay her medical bills.” The trial court did allow the question above to be answered, but did not require plaintiff to answer the question “Who actually paid them?” In this, the trial court did not err. Under the trial court’s instructions on this issue, to which there was no objection, the source of any payment of plaintiff’s medical bills was rendered immaterial. However, insofar as the limited inquiry which elicited a contradiction in plaintiff’s testimony, we again quote from McElroy’s Alabama Evidence, supra, § 156.01(7) at 328:
“[I]t is fully within the trial judge’s discretion to allow the party against whom the witness is called to cross-examine the witness with questions designed to bring out the error of his testimony about an immaterial matter having no relevancy except as tending to show the weakness of his recollection. Another way of stating this principle is that a party may ask his adversary’s witness about any contradiction or self-contradiction involving immaterial matter but the party must accept the answer of the witness and cannot, if he denies the inconsistency, bring on his own witnesses to prove the contradiction or self-contradiction_” (Footnotes omitted.)
See Carter v. State, 133 Ala. 160, 32 So. 231 (1901). Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala.1977), cited by plaintiff, is distinguishable on the facts.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON and SHORES, JJ., concur.